UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS NELSON,

Plaintiff,

Case # 14-CV-6634-FPG

v.

DECISION AND ORDER

DALE A. ARTUS, Superintendent, and
DSS ECKERT,

Defendants.

*Pro se* Plaintiff Dennis Nelson has brought this suit under 42 U.S.C. § 1983, alleging that Defendants, who are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his Constitutional rights.   Read liberally, the Complaint alleges that the Plaintiff was subjected to harsh conditions of confinement that amounted to cruel and unusual punishment, and was denied medical care at the Attica Correctional Facility between September 26, 2014 and October 24, 2014.  ECF No. 1.  Because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion for Summary Judgment (ECF No. 11) is granted, and this case is dismissed with prejudice.

DISCUSSION

The standard for ruling on a summary judgment motion is well known.  A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Accordingly, Plaintiff's submissions are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Federal Rule of Civil Procedure 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule of Civil Procedure 56(a)(2) also provides that "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion

unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."

In this case, Plaintiff was amply advised of the consequences of failing to respond to Defendants' summary judgment motion. Defendants' motion for summary judgment was filed and served with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," pursuant to *Irby v. New York City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001). *See* ECF No.11-2, Ex. A. Despite this warning, and despite the passage of several months, Plaintiff has failed to respond to the summary judgment motion in any fashion. Since Plaintiff has failed to respond, the Court may assume the truth of Defendant's factual assertions, and proceed to determine if summary judgment is warranted based upon those facts. *See Morrison v. Dr. Pepper Snapple Group*, 916 F.Supp.2d 372 (W.D.N.Y. 2013); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

The Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit, and as a result, this action cannot proceed. I agree.

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process

in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).   To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5.   In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC").   *See Id.*   All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court.   *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter*, 534 U.S. at 524).

In his Complaint, Plaintiff states that he filed a grievance regarding the matters at issue in this action, but never received a response. ECF No. 1, at 5.  Plaintiff also claims that he filed an appeal of that grievance but "never got an answer," and further stated that "grievance here is slow prosscing (sic)."   *Id.*   Plaintiff's Complaint does not clarify whether the appeal he references was filed with the facility superintendent, or with the CORC.

While Plaintiff could have provided a copy of the grievance appeal that he referenced in his Complaint, he failed to respond to the summary judgment motion, and has instead provided

nothing. The allegations in Plaintiff's Complaint therefore "stand alone and unsupported," *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004), and it is well settled that statements made in Plaintiff's Complaint are insufficient to withstand a properly supported summary judgment motion. *Celotex*, 477 U.S. at 324.

In contrast, to support their summary judgment motion, Defendants have submitted proof in admissible form by way of an affidavit from Jeffrey Hale, the Assistant Director of DOCCS' Inmate Grievance Program. ECF No. 11-3. In his affidavit, Hale states that he searched DOCCS' records to see if the Plaintiff appealed any grievance related to this case to the CORC, and although Hale found approximately 70 appeals of other grievances from Plaintiff to CORC, his search found no such appeal "regarding conditions of confinement, medical issues, or any other matters pertaining to [Plaintiff's] time in Attica C[orrectional] F[acility] in 2014." *Id.*

This evidence, which is uncontroverted by Plaintiff, establishes that no such appeal ever existed at the CORC regarding this case, and that fact is fatal to this action. Even assuming that Plaintiff filed a grievance regarding his conditions of confinement at Attica in October 2014, he was still required to complete the grievance process by appealing up to the CORC, even if, as he asserts in his Complaint, he never received a decision on the original grievance. *Williams v. Hupkowicz*, No. 04–CV–0051, 2007 WL 1774876, at *4 (W.D.N.Y. June 18, 2007) ("Even assuming that an inmate received no timely official response as contemplated by the regulations to a grievance at any stage in the inmate grievance process, the inmate could nevertheless appeal such grievance to the next level, and the failure to do so constitutes a failure to exhaust his administrative remedies as required under the PLRA."); *see also Hecht v. Best*, No. 12 CIV. 4154 (CM), 2012 WL 5974079 (S.D.N.Y. Nov. 28, 2012); *Goodson v. Silver*, 09-CV-0494 (GTS/DRH), 2012 WL 4449937, at *4 (N.D.N.Y. Sept. 25, 2012); *George v. Morrison–Warden*, 06 CIV. 3188(SAS), 2007 WL 1686321, at *3 (S.D.N.Y. June 11, 2007) (quoting *Biligen v.*

*Griffen*, No. 06 Civ. 4400, 2007 WL 430427, *2 (S.D.N.Y. Feb. 8, 2007); *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *10 (S.D.N.Y. Nov. 1, 2005).

Since appealing to the CORC is a required step under DOCCS' grievance procedures, and because it is undisputed that Plaintiff failed to file such an appeal, there can be no dispute that Plaintiff has failed to exhaust his administrative remedies prior to commencing this action.

While the Second Circuit has held that non-exhaustion can be excused under certain circumstances, *see Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), the Plaintiff has advanced no justification to excuse his failure to exhaust his administrative remedies in this case. Plaintiff had the ability to file an appeal regarding his grievance in this case, but chose not to do so. There is no allegation – much less any evidence – that Plaintiff was in any way prevented from accessing the grievance process as it relates to this incident, and there are no special circumstances alleged or proven that would justify the Plaintiff's failure to comply with DOCCS' grievance procedures. As a result, Plaintiff's failure to exhaust his administrative remedies is fatal to his action, and the Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 11) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of

Appellate Procedure.  The Clerk of the Court is directed to enter judgment and to close this case.

      IT IS SO ORDERED.

DATED:      March 8, 2016
               Rochester, New York

                        HON. FRANK P. GERACI, JR.
                        Chief Judge
                        United States District Court